**O'Melveny**

O'Melveny & Myers LLP  T: +1 202 383 5300
1625 Eye Street, NW    F: +1 202 383 5414
Washington, DC 20006   omm.com

September 23, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/2020

Ian Simmons
D: +1 202 383 5106
isimmons@omm.com

> Plaintiff is hereby ORDERED to respond to Defendants' requests by September 29, 2020.
> SO ORDERED.
>
> *[signature]* 9/24/2020

**VIA ECF**

Hon. Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG, et al.*,
      Case No. 1:20-cv-5502-AJN

Dear Judge Nathan:

    Pursuant to Your Honor's Individual Rule of Practice 1.D, Federal Rule of Civil Procedure 6(b)(1), and Local Rule 7.1(d), Defendants Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceuticals Corporation (together, "Novartis"), and Vetter Pharma International GMBH (together, "Defendants") write to request that the Court extend Defendants' responsive pleading deadline from October 19, 2020 until 30 days after the Court resolves Novartis's Motion to Dismiss, Transfer, or Stay (the "Motion").[1] Defendants also request that the Court continue the initial case management conference at least until after the parties' dispute over venue is resolved. Regeneron does not consent to this request.

    On September 4, 2020, Novartis filed a Motion to Dismiss, Transfer, or Stay this action. Dkts. 40, 41. That Motion has now been fully briefed. Dkt. 45, 49. Novartis argues that because Regeneron's claims are substantially similar to—and should have been asserted as counterclaims in—Novartis's pending patent infringement suit against Regeneron in the Northern District of New York, this Court should defer to that case under the "first-to-file" rule. Since this Court may not ultimately hear Regeneron's action, it would be most efficient to continue Defendants' responsive pleading deadline and the initial case management conference until the Court has ruled on Novartis's Motion and the parties know where the case will be litigated.

I.   **The Court Should Defer Defendants' Responsive Pleading Deadline Until Thirty Days After Venue is Resolved.**

    Under Federal Rule of Civil Procedure 6(b)(1)(A), this Court may extend the time to file a responsive pleading. To warrant an extension, Defendants "need[] to show only 'good cause.'"

---

[1] Vetter's original response deadline was August 10, 2020. *See* Dkt. 27. The U.S. and foreign Novartis Defendants' response deadlines were originally September 21 and October 19, respectively. *Id.* On August 4, this Court granted the parties' request to extend all Defendants' response deadlines to October 19. Dkt. 28.

*Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019). This standard is "non-rigorous." *Id.* (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). There is good cause to defer Defendants' responsive pleading deadline until after this Court decides Novartis's Motion to Dismiss, Transfer, or Stay.

Defendants fully intend to move for dismissal of Regeneron's complaint under Rule 12(b)(6)—at the appropriate time. But the Second Circuit holds that "venue questions" should be addressed before Rule 12(b)(6) motions. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963); *see de Ratafia v. Cty. of Columbia*, No. 12 Civ. 5457 (LAP) (DCF), 2013 WL 603128, at *2 (S.D.N.Y. Feb. 7, 2013) ("[I]t is fundamental that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments.").

The rationale for sequencing venue motions before merits motions is straightforward: if a court determines it is not the right venue, its dismissal of the action "does not preclude a subsequent action in an appropriate forum." *Arrowsmith*, 320 F.2d at 221. Dismissal on the merits, by contrast, is prejudicial to litigating the action in the right court. *Id.* In line with that principle, this Court has previously addressed whether an action was "properly before this Court" **before** deciding merits questions. *See Rodriguez Sanchez v. Decker*, No. 18-cv-8798 (AJN), 2019 WL 3840977, at *1 & n.1 (S.D.N.Y. Aug. 15, 2019).

Deferring Defendants' responsive pleading deadline until after resolution of Novartis's Motion to Dismiss, Transfer, or Stay will conserve judicial and party resources. As Novartis explains in its Motion, there is substantial overlap between the two actions—so much so that Regeneron's antitrust claims should have been asserted as compulsory counterclaims in the NDNY. If this Court grants Novartis's motion, there would be **no need** for the parties to brief a Rule 12(b)(6) motion before the Court at this time. And if Regeneron's claims are re-filed in (or transferred to) the NDNY, the parties may then brief any Rule 12 motions in accordance with that Court's rules, procedures, and schedule. *See Compuweigh Corp. v. Honeywell Int'l, Inc.*, No. 3:16-cv-01108 (VAB), 2016 WL 7197360, at *3 (D. Conn. Dec. 9, 2016) ("[I]f this Court decides to transfer this case, the more prudent course of action would be to defer consideration of the motion to dismiss to that court.").

Defendants' request also aligns with the first-to-file rule. Comity is "central to this Circuit's first-to-file doctrine." *Eternal Asia Supply Chain Mgmt. (USA) Corp. v. EQD Corp.*, No. 12 Civ. 0058 (JPO), 2012 WL 6186504, at *5 (S.D.N.Y. Dec. 12, 2012). Accordingly, the rule "prevent[s] unnecessary interference with another court's action." *Biosite, Inc. v. XOMA Ltd.*, 168 F. Supp. 2d 1161, 1164 (N.D. Cal. 2001). Regeneron's insistence that Defendants file their Rule 12 motion with this Court before venue is resolved would potentially interfere with the NDNY Court's management of these closely related actions. Not only that, it would be wasteful and inefficient, a profligate use of the time and energy of both the parties and this Court.

In the interests of efficiency and comity, Defendants respectfully request that the Court continue their responsive pleading deadline until 30 days after venue is resolved. *See Insulate SB, Inc. v. Abrasive Prods. & Equip.*, No. 1:13-cv-1609, 2013 WL 4538261, at *1-3 (M.D. Pa. Aug. 27, 2013) (granting defendants' request to extend responsive pleading deadline until 30 days after ruling on motion for change of venue).

### II. The Court Should Continue the Initial Case Management Conference At Least Until Venue is Resolved.

Defendants also request that the Court continue the initial case management conference, currently scheduled for October 30, 2020, at least until venue is resolved. This Court frequently adjourns the initial case management conference pending resolution of motions to dismiss or to transfer,[2] a commonsense practice that is widely followed among courts in this Circuit.[3]

Continuing the case management conference would preserve party and judicial resources and promote comity. It makes little sense for the Court or the parties to expend time and energy on case-management tasks that may be mooted by this Court's disposition of Novartis's pending Motion, or that may have to be re-done if the case is transferred. If this Court grants Novartis's Motion under the first-to-file rule, it will be the NDNY Court's prerogative to manage this litigation, including by devising a schedule and coordinating discovery in accordance with its own preferences and procedures. The need for careful case management is heightened by the fact that the NDNY Action is temporarily stayed pending an International Trade Commission proceeding—a stay that Regeneron itself requested.

Regeneron will surely complain about "delay." But as explained in the Motion, it waited several years before asserting its antitrust claims, it improperly side-stepped asserting compulsory counterclaims in the NDNY, and it cannot identify any reason for its professed urgency now. Any further delay is also Regeneron's own doing; had Regeneron properly filed its antitrust claims in the NDNY and not sought a stay of that action, both the patent and antitrust claims would be proceeding.[4] What Regeneron really wants is to pause Novartis's claims while litigating its own later-filed action. Regeneron will not be prejudiced by a short-term deferral of deadlines that promotes efficiency, judicial economy, and the interest of justice.

For these reasons, Defendants respectfully ask the Court to (1) defer their responsive pleading deadline until 30 days after venue is resolved, and (2) continue the initial case management conference at least until venue is resolved.

---

[2] *See, e.g.*, Order, *Matec SRL v. Gramercy Holdings I, LLC*, No. 1:20-cv-04136 (AJN) (S.D.N.Y. Aug. 17, 2020), Dkt. 18 (motion to dismiss); Order, *Haider v. Lyft, Inc.*, No. 1:20-cv-02997 (AJN) (S.D.N.Y. Aug. 4, 2020), Dkt. 22 (motion to dismiss);  Order, *Knight v. Stryker Corp.*, No. 1:20-cv-02798 (AJN) (S.D.N.Y. May 12, 2020), Dkt. 13 (motion to dismiss or transfer); Order, *XL Ins. Am., Inc., v. DiamondRock Hospitality Co.*, No. 1:18-cv-10025 (AJN) (S.D.N.Y. Jan. 7, 2019), Dkt. 20 (motion to dismiss).

[3] *See, e.g.*, *Bianchi v. Green*, No. 1:18-CV-619 (GLS/DJS), 2018 WL 10667434, at *2 (N.D.N.Y. Oct. 4, 2018) (court had "adjourned the Rule 16 discovery conference" in light of motions to dismiss); *Pflaum v. Town of Stuyvesant*, No. 1:11-CV-335 (GTS/RFT), 2014 WL 12891533, at *4 (N.D.N.Y. Oct. 23, 2014) ("Because the Court learned that Defendants intended to file a motion to dismiss, the Rule 16 conference was adjourned); *O'Neill v. Hernandez*, No. 08 Civ. 1689 (KMW), 2008 WL 2662981, at *1 (S.D.N.Y. June 24, 2008) (court had granted request for "an adjournment of the Rule 16 conference until after the Court's decision on the motion to dismiss").

[4] In opposition to Novartis's Motion to Dismiss, Transfer, or Stay, Regeneron suggested that Novartis somehow waived its rights with respect to this litigation's schedule. *See* Dkt. 45 at 7, 25. But as Novartis's counsel made clear to Regeneron, "we do not agree that either Judge Nathan's local rules or any SDNY practice contemplates a Rule 16 conference prior to a response to the complaint." Dkt. 46-1.

Respectfully submitted,

By: */s/ Ian Simmons*
   Ian Simmons

*Counsel for Defendants Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceuticals Corp.*

By: */s/ Benjamin Horton*
   Benjamin Horton

*Counsel for Defendant Vetter Pharma International GMBH*