```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
Regeneron Pharmaceuticals, Inc.                     :
:
:                    1:20      05502
                                    Plaintiff(s),    :             ___ Civ. _____ (AJN)
                    -v-                              :
Novartis Pharma AG, Novartis Technology LLC, Novartis Pharmaceuticals Corporation, Vetter Pharma International GmbH    :             CIVIL CASE
:             MANAGEMENT PLAN
                                    Defendant(s).    :             AND SCHEDULING
:                       ORDER
:
------------------------------------------------------------X

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.
    [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☐ / have not ☑] taken place.

3. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. **[For F.L.S.A. actions only]**

    The plaintiff(s) [do ☐ / do not ☐] anticipate moving for conditional certification of this case as a collective action.

    The defendant(s) [will ☐ / will not ☐] stipulate to conditional certification.

    [If defendant(s) will not stipulate to conditional certification:]

        Proposed briefing schedule:

            Opening:        _____

            Opposition:     _____

            Reply:          _____

[Opening brief to be filed no later than 30 days from the date of the initial pretrial conference; full briefing to be completed within 30 days of the opening brief]

1

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, choose a date not more than thirty (30) days following the initial pretrial conference.]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __21__ days from the date of this Order. [Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]

7. All fact discovery is to be completed no later than __10 months after IPC__. [A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __30 days after IPC__.

    b. Interrogatories shall be served by __6 months after IPC__.

    c. Depositions shall be completed by __Close of fact discovery__.

    d. Requests to admit shall be served by __One month before close of fact discovery__.

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by __165 days from fact discovery__. [Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery].

10. All motions and applications shall be governed by the Court's Individual Rules.

11. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

2

12. Counsel for the parties propose the following alternative dispute resolution mechanism(s) for this case:

    a. ☐ Referral to a Magistrate Judge for a settlement conference.

    b. ☐ Referral to the Southern District's Mediation Program.

    c. ☑ Retention of a private mediator.

    The parties seek the above-noted referral [now ☐ / at a later date ☐ ].

    Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order.

    [If the parties seek the above-noted referral at a later date:]

    Counsel for the parties will submit a letter by _____ seeking the referral.

13. Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery.  Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

14. Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3).  Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed.  If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report.

15. The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

16. This case [is ☑ / is not ☐ ] to be tried to a jury.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    Defendants request that discovery be stayed pending resolution of motions presently before the Court.

    Subject to Defendants' request, the parties propose a case schedule in their joint report based on the Court's

    Rule 16 Initial Pretrial Conference scheduled for October 30, 2020.

Counsel for the Parties:

Elizabeth Weiswasser (for Regeneron)      Ian Simmons (for Novartis)

Eric S. Hochstadt (for Regeneron)         Lisa Pensabene (for Novartis)

Anish Desai (for Regeneron)               Benjamin Horton (for Vetter)

    Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.  Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

    The next Case Management Conference is scheduled for December 10, 2021 at 3:00 p.m.

SO ORDERED.

Dated: November 2, 2020
New York, New York

JUDGE ALISON J. NATHAN
United States District Judge