# Weil, Gotshal & Manges LLP

VIA ECF

January 20, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/2021

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Eric S. Hochstadt**
+1 (212) 310-8538
eric.hochstadt@weil.com

The Honorable Alison J. Nathan
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG et al.*, No. 1:20-cv-05502
      <u>Unopposed Request to Seal/Redact First Amended Complaint</u>

Dear Judge Nathan:

I write on behalf of Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") to respectfully request that the Court issue an order permitting the filing under seal of the unredacted version of Regeneron's First Amended Complaint (the "First Amended Complaint"). Pursuant to Rule 4.B. of your Honor's Individual Rules and Practices ("Individual Rules"), Regeneron has conferred with counsel for Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceuticals Corporation (collectively, "Novartis") and Vetter Pharma International GmbH ("Vetter") regarding the requested redactions in an effort to narrow the scope of the request, and Defendants do not oppose the following request. Regeneron submits this letter motion to request that: (1) an unredacted copy of the First Amended Complaint be filed under seal; and (2) the redactions in the public version of the First Amended Complaint be maintained. *See* Individual Rules, Rule 4.B.

**<u>Sealing is Appropriate in this Action</u>**

A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a "court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Competitively sensitive information, for example, should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury. *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

Hon. Alison J. Nathan
January 20, 2021
Page 2

**Weil, Gotshal & Manges LLP**

Accordingly, courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information. *See, e.g., PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents...containing sensitive commercial information affecting the parties' ongoing relationship"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14- 1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products").

Here, after conferring with Defendants, Regeneron seeks to seal only limited portions of the First Amended Complaint that contain confidential business information from and relating to agreements entered into between Regeneron and Defendant Vetter, on the one hand, and Defendants Novartis and Vetter, on the other hand. This information has been produced in this case and designated as "Outside Counsel's Eyes Only" pursuant to the Protective Order. *See* ECF No. 76. The redactions of the First Amended Complaint are narrowly tailored to protect commercially sensitive and confidential information, including the non-public, bargained-for terms of patent licensing agreements, commercial development agreements, and subsequent amendments entered into between Regeneron and Vetter, on the one hand, and Novartis and Vetter, on the other hand. Importantly, disclosure of these confidential business contracts would likely result in competitive harm to Regeneron, Vetter, and Novartis in future negotiations of similar agreements with other parties. For example, disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements. *See, e.g., Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-6465, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations").

To protect parties from harm of this nature, courts in this Circuit have generally exercised their discretion to seal judicial records. *See, e.g., KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases. This competitive injury is sufficiently serious to warrant protection."). In contrast, there is no benefit to the public from disclosure of the confidential information sought to be sealed here. Thus, the competitive disadvantages that would flow to Regeneron, Vetter and Novartis if such information was disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

Hon. Alison J. Nathan
January 20, 2021
Page 3

**Weil, Gotshal & Manges LLP**

### Conclusion

For the reasons stated above, Regeneron respectfully requests, and Defendants do not oppose, that this Court enter an order: (1) sealing the unredacted version of Regeneron's First Amended Complaint; and (2) maintaining the redactions of the publicly filed version of Regeneron's First Amended Complaint.

Respectfully submitted,

*/s/ Eric S. Hochstadt*

Eric S. Hochstadt

*Counsel for Plaintiff Regeneron Pharmaceuticals, Inc.*

---

Plaintiff's motion to file the unredacted version of its First Amended Complaint under seal and to maintain the redactions on the publicly filed version of the First Amended Complaint is hereby GRANTED.

The Court grants Plaintiff's motion after applying the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id.* at 119–20. "[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." *Id.* at 125–26.

Nonetheless, having reviewed the proposed redactions, the Court finds that the requests are narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments. As a result, the Court concludes that the sensitivity of this information outweighs the presumption of access contemplated in the third *Lugosch* factor.

SO ORDERED. *[signature]* 1/25/2021