IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>NOVARTIS PHARMA AG, NOVARTIS TECHNOLOGY LLC, NOVARTIS PHARMACEUTICALS CORP., and VETTER PHARMA INTERNATIONAL GMBH,<br><br>Defendants. | Case No. 7:20-cv-05502-PMH-AEK |

**STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITIONS**

WHEREAS, Plaintiff Regeneron Pharmaceuticals, Inc. ("Plaintiff") and Defendants Novartis Pharma AG, Novartis Technology LLC, Novartis Pharmaceuticals Corporation and Vetter Pharma International GmbH (collectively, "Defendants") (Plaintiff and Defendants, collectively, "Parties") have been engaged in negotiations regarding depositions in the above-captioned action,

WHEREAS, the Parties agree to modify certain default deposition provisions of Federal Rule of Civil Procedure 30 and the previous Stipulation and Order Regarding Depositions (ECF No. 138),

WHEREAS, the Parties have met and conferred and agreed upon the number and timing of depositions in the above-captioned action,

IT IS NOW, THEREFORE, HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned attorneys and subject to the Court's approval, that:

1. Plaintiff may take twelve (12) total depositions of Defendants, including one (1) Federal Rule of Civil Procedure 30(b)(6) deposition of each Defendant;

2. Defendants may take eight (8) total depositions of Plaintiff, including one (1) Federal Rule of Civil Procedure 30(b)(6) deposition per Defendant;

3. Two of the Federal Rule of Civil Procedure 30(b)(1) depositions of Plaintiff, and two of the Federal Rule of Civil Procedure 30(b)(1) depositions of Defendants shall be limited to 3.5 hours on the record;

4. The Parties are each limited to fourteen (14) total hours of 30(b)(6) deposition testimony;

5. Non-parties are not included in the number of depositions permitted to be taken by Plaintiff or Defendants;

6. Former employees of Plaintiff or Defendants are included in the number of depositions permitted to be taken by Plaintiff or Defendants[1];

7. For individual deponents of Plaintiff or Defendants previously deposed in the ITC proceeding, *Certain Pre-filled Syringes for Intravitreal Injection and Components Thereof*, Inv. No. 337-YA-1207 (U.S. ITC Jun. 19, 2020) (the "ITC action"), deposition testimony taken under Federal Rule of Civil Procedure 30(b)(1) shall be limited to five (5) hours each;

8. The five-hour limit described in ¶ 7 above did not apply to Defendant Novartis's witness Juergen Sigg, and thus shall not apply to one Plaintiff witness of Defendants' choosing who was deposed in the ITC Action, but who was not subsequently deposed in *Novartis Pharma AG et al. v. Regeneron Pharm. Inc.,* No. 1:20-cv-00690 (N.D.N.Y. Aug. 2, 2021) (the "NDNY action");

---

[1] By agreeing that depositions of former employees of Plaintiff or Defendants are included in the number of depositions permitted to be taken, neither Plaintiff nor any Defendant thereby warrants that any former employee is within that party's control, or that the party has the power, absent proper legal process, to compel the former employee to testify.

9. The Parties will not take Federal Rule of Civil Procedure 30(b)(6) testimony in the above-captioned action for topics previously covered in the NDNY action;

10. The Parties will not take Federal Rule of Civil Procedure 30(b)(1) testimony in the above-captioned action from any Party witness already deposed in the NDNY action, unless upon a showing of good cause or by agreement of the parties; and

11. The Parties reserve their rights to seek further testimony on a previously-deposed 30(b)(6) topic if warranted by good cause consistent with the Federal Rules of Civil Procedure and the August 18, 2021 hearing in the NDNY action.

The Parties reserve all other rights and remedies available under the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's Individual Practices.

**STIPULATED TO AND APPROVED BY:**

Dated: February 7, 2025

| */s/ Christopher Pepe* | */s/ Robert Milne* |
|---|---|
| Jessica L. Falk<br>**Weil Gotshal & Manges LLP**<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel: 212-310-8538<br>jessica.falk@weil.com<br><br>Elizabeth Weiswasser<br>Anish Desai<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 373-3000<br>eweiswasser@paulweiss.com<br>adesai@paulweiss.com<br><br>Christopher Pepe | Robert Milne<br>Raj Gandesha<br>Daniel J. Grossbaum<br>Gina M. Chiappetta<br>**White & Case LLP**<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-819-8200<br>Fax: 212-354-8113<br>rmilne@whitecase.com<br>rgandesha@whitecase.com<br>dan.grossbaum@whitecase.com<br>gina.chiappetta@whitecase.com<br><br>*Counsel for Defendants Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceuticals Corp.* |

| | |
|---|---|
| Priyata Patel<br>**Paul, Weiss, Rifkind, Wharton &**<br>**Garrison LLP**<br>2001 K Street, NW<br>Washington, DC 20006<br>Tel: (202) 223-7300<br>cpepe@paulweiss.com<br>ppatel@paulweiss.com<br><br>Eric S. Hochstadt<br>**Orrick, Herrington, and Sutcliffe LLP**<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Tel: (212) 506-5000<br>ehochstadt@orrick.com<br><br>Russel Yankwitt<br>**Yankwitt LLP**<br>140 Grand Street, Suite 705<br>White Plains, NY 10601<br>Tel: (914) 686-1500<br>russell@yankwitt.com<br><br>*Counsel for Plaintiff Regeneron*<br>*Pharmaceuticals, Inc.* | */s/ Benjamin T. Horton*<br><br>Benjamin T. Horton<br>Thomas R. Burns<br>Chris Hall<br>**Marshall Gerstein & Borun LLP**<br>6300 Willis Tower<br>233 S. Wacker Dr.<br>Chicago, IL 60606<br>T: 312.474.6300<br>F: 312.474.0448<br>bhorton@marshallip.com<br>tburns@marshallip.com<br>chall@marshallip.com<br><br>*Counsel for Defendant Vetter Pharma*<br>*International GmbH* |

## **ORDER**

Based on the foregoing stipulation, and good cause appearing therefore, IT IS SO **ORDERED** this ___ day of, _____.

_____
The Honorable Philip M. Halpern