IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

REGENERON PHARMACEUTICALS, INC.,

                Plaintiff,

-v-

NOVARTIS PHARMA AG, NOVARTIS TECHNOLOGY LLC, NOVARTIS PHARMACEUTICALS CORP., and VETTER PHARMA INTERNATIONAL GMBH,

                Defendants.

Case No. 7:20-cv-05502

**CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined at this stage of the proceeding.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were completed by **October 31, 2025** and **November 12, 2025**.

5. Fact Discovery

   a. All fact discovery shall be completed by **June 13, 2025**.

   b. The previously agreed-upon deadline for document discovery was **January 17, 2025**.

   c. Interrogatories were served on or before **December 20, 2024**. No further Interrogatories shall be served.

   d. Non-expert depositions shall be completed by **June 13, 2025**.

   e. Requests to admit shall be served by **May 16, 2025**.

    f.  Any of the interim deadlines in paragraphs 5(d) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

    a. All expert discovery, including expert depositions, shall be completed by **October 24, 2025**.

    b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **July 18, 2025**.

    c. Documents and data considered in experts' opening reports shall be produced by **July 23, 2025**.

    d. Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **September 4, 2025**.

    e. Documents and data considered in experts' rebuttal reports shall be produced by **September 9, 2025**.

    f. Plaintiff's reply expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **September 25, 2025**.

    g. Documents and data considered in experts' reply reports shall be produced by **September 30, 2025**.

    h. The interim deadlines in paragraphs 6(b) through 6(g) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Summary Judgment

    a. Any party moving for summary judgment shall serve a Rule 56.1 fact statement by **October 31, 2025**.

    b. Any party opposing a summary judgment motion shall serve a response to the 56.1 fact statement and any counter-statement by **November 14, 2025**.

    c. Summary judgment and *Daubert* pre-motion letters shall be filed by **November 25, 2025**.

    d. Oppositions to summary judgment and *Daubert* pre-motion letters shall be filed by **December 16, 2025**.

8. Additional provisions required by Fed. R. Civ. P. 26(f) and agreed upon by the parties are attached hereto and made a part hereof.

9. ALL DISCOVERY SHALL BE COMPLETED BY **October 24, 2025**.

10. The parties shall file a joint letter concerning settlement/mediation by **November 7, 2025**.

11. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

    The parties engaged in mediation in 2021. The parties have agreed to engage in further mediation after the close of expert discovery.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    The parties will retain a private mediator

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date);

    After the close of expert discovery

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

13. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

14. The parties have conferred and their present best estimate of the length of the trial

is **10 days**.

15. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(h) above).

16. The Magistrate Judge assigned to this case is the Honorable Andrew E. Krause.

17. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

18. The next case management conference is scheduled for _____ at _____.

Dated: White Plains, New York

_____

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

4