IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>NOVARTIS PHARMA AG, NOVARTIS TECHNOLOGY LLC, NOVARTIS PHARMACEUTICALS CORP., and VETTER PHARMA INTERNATIONAL GMBH,<br><br>Defendants. | Case No. 7:20-cv-05502-PMH-AEK |

**[PROPOSED] STIPULATED ORDER ESTABLISHING PROTOCOL FOR THE CROSS USE OF DISCOVERY PREVIOUSLY PRODUCED BEFORE THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK IN THE RELATED PATENT LITIGATION**

Plaintiff Regeneron Pharmaceuticals, Inc. and Defendants Novartis Pharma AG, Novartis Technology LLC, Novartis Pharmaceuticals Corporation, and Vetter Pharma International GmbH (Regeneron and Defendants, collectively, "Parties"), by and through their undersigned counsel, have entered into the "Patent Litigation Cross-Use Agreement" attached hereto as Exhibit A in order to expedite discovery, conserve judicial resources over unnecessary discovery disputes, and to avoid duplicative discovery. The Parties hereby stipulate to the terms set forth in Exhibit A permitting certain discovery previously produced by the Parties before the U.S. District Court for the Northern District of New York to be used in the above captioned case, and the Court orders as follows.

**STIPULATED TO AND APPROVED BY**:

Dated:  February 7, 2025

| | |
|---|---|
| */s/ **Christopher Pepe*** | */s/ **Robert Milne*** |
| Jessica L. Falk | Robert Milne |
| **Weil Gotshal & Manges LLP** | Raj Gandesha |
| 767 Fifth Avenue | Daniel J. Grossbaum |
| New York, NY 10153 | Gina M. Chiappetta |
| Tel: 212-310-8538 | **White & Case LLP** |
| jessica.falk@weil.com | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| Elizabeth Weiswasser | Tel: 212-819-8200 |
| Anish Desai | Fax: 212-354-8113 |
| **Paul, Weiss, Rifkind, Wharton &** | rmilne@whitecase.com |
| **Garrison LLP** | rgandesha@whitecase.com |
| 1285 Avenue of the Americas | dan.grossbaum@whitecase.com |
| New York, NY 10019 | gina.chiappetta@whitecase.com |
| Tel: (212) 373-3000 | |
| eweiswasser@paulweiss.com | *Counsel for Defendants Novartis Pharma* |
| adesai@paulweiss.com | *AG, Novartis Technology LLC, and* |
| | *Novartis Pharmaceuticals Corp.* |
| Christopher Pepe | |
| Priyata Patel | */s/ **Benjamin T. Horton*** |
| **Paul, Weiss, Rifkind, Wharton &** | Benjamin T. Horton |
| **Garrison LLP** | Thomas R. Burns |
| 2001 K Street, NW | Chris Hall |
| Washington, DC 20006 | **Marshall Gerstein & Borun LLP** |
| Tel: (202) 223-7300 | 6300 Willis Tower |
| cpepe@paulweiss.com | 233 S. Wacker Dr. |
| ppatel@paulweiss.com | Chicago, IL 60606 |
| | T: 312.474.6300 |
| Eric S. Hochstadt | F: 312.474.0448 |
| **Orrick, Herrington, and Sutcliffe LLP** | bhorton@marshallip.com |
| 51 West 52nd Street | tburns@marshallip.com |
| New York, NY 10019-6142 | chall@marshallip.com |
| Tel: (212) 506-5000 | |
| ehochstadt@orrick.com | *Counsel for Defendant Vetter Pharma* |
| | *International GmbH* |
| Russel Yankwitt | |
| **Yankwitt LLP** | |
| 140 Grand Street, Suite 705 | |
| White Plains, NY 10601 | |
| Tel: (914) 686-1500 | |
| russell@yankwitt.com | |
| | |
| *Counsel for Plaintiff Regeneron* | |
| *Pharmaceuticals, Inc.* | |

# EXHIBIT A

**PATENT LITIGATION CROSS-USE AGREEMENT**

Regeneron Pharmaceuticals, Inc. ("Regeneron") and Defendants Novartis Pharma AG, Novartis Technology LLC, Novartis Pharmaceuticals Corporation (collectively, "Novartis") and Vetter Pharma International GmbH ("Vetter") (Regeneron, Vetter, and Novartis, collectively, "Parties") are parties to the pending litigation in the U.S. District Court for the Southern District of New York captioned *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG, et al.,* Case No. 7:20-cv-05502-PMH-AEK (the "SDNY Case"). Regeneron and Novartis were also parties to a patent litigation in the U.S. District Court for the Northern District of New York captioned *Novartis Pharma AG et al v. Regeneron Pharmaceuticals, Inc.,* No. 1:20-cv-00690-DNH-CFH (N.D.N.Y.) (the "Patent Litigation"). Vetter is a licensee of Novartis's U.S. Patent No. 9,220,631 (the "'631 patent") and has produced documents in the Patent Litigation. In order to conserve judicial resources and avoid duplicative discovery, the Parties previously entered into an agreement for the cross-use of discovery previously produced by the Parties in the Patent Litigation in the SDNY Case. Now, the Parties hereby memorialize this agreement (the "Patent Litigation Cross-Use Agreement"):

**I.     Documents Produced by the Parties in the Patent Litigation**

1. All documents previously produced by the Parties in the Patent Litigation (the "Patent Documents") may be used by the Parties in the SDNY Case as if those documents had been produced in the SDNY Case. All Patent Documents produced in the SDNY Case will be treated in accordance with the stipulated protective order entered in that case. *See* ECF No. 103 (the "SDNY Protective Order").

2. Patent Documents that were designated as "OUTSIDE COUNSEL'S EYES ONLY" pursuant to the protective order in the Patent Litigation (the "Patent Protective Order")

shall be treated in the SDNY Case as "OUTSIDE COUNSEL'S EYES ONLY" under the SDNY Protective Order. Patent Documents that were designated as "CONFIDENTIAL" pursuant to the Patent Protective Order shall be treated in the SDNY Case as "CONFIDENTIAL" under the SDNY Protective Order. Nothing in this agreement shall prevent a Party from challenging the confidentiality designation of Patent Documents in the SDNY Case pursuant to paragraph 20 of the SDNY Protective Order.

## II. Production of Responses to Interrogatories and Requests for Admission

3. All responses to interrogatories, including contention interrogatories, and requests for admission by the Parties in the Patent Litigation (the "Patent Discovery Responses") may be used by the Parties in the SDNY Case as if those responses had been produced in the SDNY Case. All Patent Discovery Responses produced in the SDNY Case will be treated in accordance with the SDNY Protective Order. Interrogatories from the Patent Litigation will not count against the 25-interrogatory limit in the SDNY Case set by the Federal Rules of Civil Procedure.

## III. Expert Discovery

4. All expert reports prepared by the Parties in the Patent Litigation (the "Expert Reports") may be used by the Parties in the SDNY Case as if those reports had been produced in that proceeding. All Patent Expert Reports produced in the SDNY Case will be treated in accordance with the SDNY Protective Order.

## IV. Depositions

5. All deposition testimony of the Parties in the Patent Litigation (the "Patent Depositions") may be used by the Parties in the SDNY Case as if the deposition testimony had been obtained in the SDNY Case. All Patent Depositions produced in the SDNY Case will be treated in accordance with the SDNY Protective Order.

**V.    Discovery Limitations**

6. Nothing in this agreement shall be construed to change or alter in any way the obligations of the Parties and their respective counsel to adhere to all provisions of the Patent Protective Order and the SDNY Protective Order.

7. Nothing in this agreement relieves the Parties of any discovery obligation, including but not limited to the obligation to timely produce responsive discovery materials, or expands the scope of permissible discovery in the SDNY Case.

8. This agreement is entered into without prejudice to the right of any party to challenge the propriety of use or admission into evidence of any Patent Documents in the SDNY Case, including but not limited to the relevance, foundation, authenticity, or admissibility of the Patent Documents pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9. This agreement does not include portions of any documents, discovery responses, expert reports, deposition testimony, or filings that contain confidential third-party information produced during discovery in the Patent Litigation. To the extent any of the Parties in this litigation intend to use any third-party confidential information produced during the Patent Litigation, that party is responsible for obtaining consent from the necessary third parties to do so.