April 24, 2025

**VIA ELECTRONIC FILING**

Hon. Philip M. Halpern
Southern District of New York
300 Quarropas St., Courtroom 520
White Plains, NY 10601

> Application granted. The unredacted document (Doc. 184) shall remain under seal, and the redacted document shall remain the publicly-filed version (Doc. 183).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         May 6, 2025

Re:   *Regeneron Pharmaceuticals, Inc v. Novartis Pharma AG et al.*, Case No. 7:20-cv-05502-PMH-AEK – Letter Motion to Seal Exhibit to Joint Pre-Motion Letter re Regeneron's Privilege Waiver

Dear Judge Halpern:

Defendants Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceutical Corp. (collectively, "Novartis") and Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") are prepared to submit a joint pre-motion letter respectfully requesting a conference to resolve a discovery dispute concerning whether Regeneron waived privilege as to its interpretation of an offer by Vetter for a royalty-free sublicense to the '631 Patent. The Pre-Motion Letter contains excerpts of deposition testimony that warrant sealing.

Pursuant to Your Honor's Individual Rule of Practice 5(B), the Standing Order for Electronic Filing Under Seal in Civil and Miscellaneous Cases (1:19-mc-00583), and ECF Rules & Instructions, Novartis writes to request permission to file the foregoing exhibits under seal.[1] Novartis and Regeneron have conferred with each other and with Defendant Vetter Pharma International GmbH, and no party opposes filing the foregoing exhibits under seal.

Under Second Circuit precedent, courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). But "[t]he

---

[1] Consistent with the Court's Individual Rule of Practice 5(B), the parties have contemporaneously filed under seal unredacted copies of the documents at issue.

presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Fairstein v. Netflix Inc.*, 2024 U.S. Dist. LEXIS 93867, at *3 (S.D.N.Y. May 21, 2024) (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). And the presumption of public access can be rebutted where the public disclosure of a company's confidential business information has the potential to cause competitive injury. *See Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 U.S. Dist. LEXIS 55907, at *5–6 (S.D.N.Y. Mar. 24, 2021) ("[A] valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Sam Dyer & Smr Dyer Farms LLC, v. Agri-Mark, Inc.*, 2022 U.S. Dist. LEXIS 13838, at *6 (N.D.N.Y. Jan. 21, 2022) ("[C]onfidential business internal policies and procedures are appropriately sealed because the public disclosure of such policies has the potential to cause competitive injury.") (citation omitted)).

The deposition testimony in question warrants sealing. As the foregoing exhibits are being filed in relation to a discovery dispute, the public interest in access to these documents is "lower," *Fairstein*, 2024 U.S. Dist. LEXIS 93867, at *3, and any interest in public access is outweighed by Novartis's interest in protecting its confidential business information.

**Spinner Testimony.** In a separate privilege dispute that Regeneron and Novartis are submitting to the Court via a separate pre-motion letter, Regeneron asserts that Novartis waived privilege as to its investigation into whether individuals at Vetter should be listed as inventors on the '631 Patent application. Regeneron claims that Novartis waived privilege during the deposition testimony of David Spinner. Regeneron plans to attach to the instant Pre-Motion Letter an excerpt from the Spinner deposition (Exhibit 3) that it claims contains privileged information.

While Novartis does not agree that Mr. Spinner's testimony waived privilege or that Exhibit 3 contains any privileged information, to the extent the Court ultimately disagrees with Novartis's good-faith analysis and determines otherwise, there is an interest in maintaining Exhibit 3 under seal to prevent the disclosure of privileged information. *See Novartis Int'l Pharm. AG v. Incyte Corp.*, 2024 U.S. Dist. LEXIS 135547, at *3 (S.D.N.Y. July 29, 2024) (recognizing that the "countervailing interest of preserving the privilege outweighs the presumption of public access" (citing *In re Agent Orange Prod. Liab. Litig.*, 98 F.R.D. 539, 545 (E.D.N.Y. 1983) ("Where unsealing of documents might reveal material governed by the work product privilege or the contents of communications between an attorney and client might be disclosed, the public interest in protecting those privileges would take precedence over its interest in inspecting and copying court records.")).

**Van Plew Testimony.** Among the exhibits attached to the joint letter are Exhibit 1, an excerpted version of the ITC deposition transcript of Daniel Van Plew, Executive Vice President and General Manager of Industrial Operations and Product Supply at Regeneron, and Exhibit 2, a letter from Novartis to Regeneron that contains quoted excerpts of Mr. Van Plew's deposition testimony. Mr. Van Plew's deposition transcript has been produced in this case and designated as "CONFIDENTIAL BUSINESS INFORMATION" pursuant to the Protective Order. *See* Dkt. 76. Regeneron seeks to seal Exhibit 1 and redact the testimonial portions of Exhibit 2. The sealing of Exhibit 1 and redactions to Exhibit 2 are narrowly tailored to protect commercially sensitive and confidential information, including testimony on non-public patent sublicense offers and corresponding strategic business and commercial development decisions. Importantly, disclosure of this confidential business information would likely result in competitive harm to Regeneron. For example, disclosure of the economic terms of the parties' various licensing and/or commercial

3

agreements could disadvantage them in future negotiations with third parties with respect to similar agreements. *See, e.g., Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-6465, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations"). To protect parties from harm of this nature, courts in this Circuit have generally exercised their discretion to seal judicial records. *See, e.g., KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases. This competitive injury is sufficiently serious to warrant protection."). In contrast, there is no benefit to the public from disclosure of the confidential information sought to be sealed here. Thus, the competitive disadvantages that would flow to Regeneron if such information was disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

**Pre-Motion Letter.** Finally, the Pre-Motion Letter itself quotes from the deposition testimony that Novartis and Regeneron seek to file under seal. Accordingly, the Court should permit Novartis and Regeneron to file on the public docket a redacted version of the Pre-Motion Letter that redacts references to materials filed under seal.

For the reasons set forth above, Novartis and Regeneron respectfully request that the Court grant their unopposed motion to seal and allow them to file under seal Exhibits 1-3, and to file a redacted version of the Pre-Motion Letter.

Respectfully submitted,

| | |
|---|---|
| */s/ Anish Desai* | */s/ Robert Milne* |
| Anish Desai | Robert Milne |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | White & Case LLP |
| 1285 Avenue of the Americas | 1221 Avenue of the Americas |
| New York, New York 10019-6064 | New York, New York 10020-1095 |
| *Counsel for Plaintiff Regeneron Pharmaceuticals, Inc.* | *Counsel for Novartis Pharma AG, Novartis Pharmaceuticals Corp., and Novartis Technology LLP* |