**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING     TOKYO
HONG KONG   TORONTO
LONDON      WASHINGTON, DC
LOS ANGELES WILMINGTON
SAN FRANCISCO

ANISH R. DESAI
DIRECT DIAL: (212) 373-3394
EMAIL: ADESAI@PAULWEISS.COM

July 31, 2025

> Application granted. The redacted transcript (Doc. 238) shall remain the publicly-filed version of the transcript, and the unredacted version (Doc. 233) shall remain under seal.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         August 1, 2024

**VIA ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 520
White Plains, New York 10601

**Re:** *Regeneron Pharm., Inc. v. Novartis Pharma AG et al.*, No. 7:20-cv-05502 (S.D.N.Y.) – Letter Motion to Seal May 7, 2025 Hearing Transcript

Dear Judge Halpern:

I write on behalf of Regeneron Pharmaceuticals, Inc. ("Regeneron") in the above-captioned matter to respectfully request the Court's approval to seal and file a redacted version of the transcript of the proceedings held on May 7, 2025 (Dkt. No. 233) ("May 7 Transcript"). The May 7 Transcript includes information relating to an agreement entered into between Regeneron and Vetter, which has been produced in this case and designated as "Confidential" or "Outside Counsel's Eyes Only" in accordance with the Amended Stipulated Protective Order (ECF No. 103). Regeneron's proposed redaction to the May 7 Transcript is consistent with the redactions to Regeneron's First Amended Complaint (Dkt. No. 87) that Judge Nathan approved (Dkt. No. 86). Defendants Novartis Pharma AG, Novartis Technology LLC, and Novartis Pharmaceuticals Corp. (collectively, "Novartis") and Vetter Pharma International GMBH ("Vetter") (Novartis and Vetter collectively, "Defendants") do not oppose this motion.

A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a "court balances this common law presumption of access against competing comparisons, including 'the privacy interests of those resisting disclosure.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Competitively sensitive information, for example, should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury. *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                    2

Accordingly, courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information. *See, e.g., PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents...containing sensitive commercial information affecting the parties' ongoing relationship"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products").

Regeneron's proposed redaction to the May 7 Transcript is narrowly tailored to protect commercially sensitive and confidential information, including the non-public, bargained-for terms of a development agreement entered into between Regeneron and Vetter. Importantly, disclosure of this confidential business agreement would likely result in competitive harm to Regeneron and Vetter in future negotiations of similar agreements with other parties. In contrast, there is no benefit to the public from disclosure of the confidential information sought to be sealed here. Thus, the competitive disadvantages that would flow to Regeneron and Vetter if such information was disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

Accordingly, Regeneron respectfully requests that the May 7 Transcript be filed under seal. Regeneron's proposed redaction will be filed contemporaneously under seal with this letter motion.

Respectfully submitted,

*/s/ Anish R. Desai*

Anish R. Desai

*Counsel for Plaintiff Regeneron Pharmaceuticals, Inc.*

cc: All Counsel of Record (via ECF)